# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DEMETRICE MAURICE PATRICK,

Defendant-Appellant.

UNPUBLISHED
June 28, 2016

No. 325867
Wayne Circuit Court
LC No. 14-006756-FC

Before: JANSEN, P.J., and O'CONNELL and RIORDAN, JJ.

O'CONNELL, J. (*concurring in part and dissenting in part*).

I concur in the majority's decision to affirm defendant's convictions and its analysis regarding Offense Variables (OVs) 4 and 10. However, I disagree with the majority's analysis of OV 19. Accordingly, rather than vacating defendant's sentence, I would remand solely for a hearing under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

The trial court should score OV 19 if the defendant "interfered with or attempted to interfere with the administration of justice or the rendering of emergency services." MCL 777.49(c). This offense variable provides in part:

> (b) The offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services ..................................................................................15 points

> (c) The offender otherwise interfered with or attempted to interfere with the administration of justice ...........................................................................10 points

> (d) The offender did not threaten the security of a penal institution or court or interfere with the administration of justice or the rendering of emergency services by force or threat of force ...........................................................................0 points

While the majority relies on our Supreme Court's recent decision in *People v Gloster*, ___ Mich ___; ___ NW2d ___ (2016), to conclude that the trial court may not rely on the codefendants' conduct in this case, I conclude that *Gloster* is distinguishable in this case. In *Gloster*, the defendant dropped his codefendants off at a market and parked outside the market. The codefendants targeted a woman walking alone for a robbery. After the robbery, the

-1-

defendant circled around the block, picked up the codefendants, and drove them away. *Id*. at ___; slip op at 3. Our Supreme Court concluded that the trial court improperly assessed points under OV 10 based solely on the conduct of the defendant's codefendants. *Id*. at ___; slip op at 2.

In *Gloster*, the getaway driver was not present at the crime when the codefendants targeted the vulnerable victim. *Id*. at ___; slip op at 3. However, in this case, defendant was present in the room when his codefendant demanded that the victims hand over their cell phones. By his physical presence, he was part of the implicit threat that if the victims did not turn over their cell phones, the robbery would grow violent. I would conclude that because defendant was present during the conduct that formed the basis of the sentencing offense, the trial court properly assessed him points under OV 9.

Regardless, the trial court also found that defendant influenced a friend to attempt to dissuade a witness from testifying to support its assessment. This Court reviews the sentencing court's scoring of a sentencing guidelines variable for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). A finding is clearly erroneous if, after reviewing the entire record, we are definitely and firmly convinced that the trial court made a mistake. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). Reasonable inferences from the facts may support factual findings. See *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

In this case, victim Cheeks testified that defendant's friend Soria offered him money to prevent him from testifying. Cheeks testified that Soria spoke to him on three occasions and offered him money if he claimed that defendant was not involved. If reasonable inferences from the facts may support findings regarding the elements of a crime, *Kanaan*, 278 Mich App at 619, surely reasonable inferences from the facts may support the trial court's findings at sentencing. The trial court's finding that defendant asked a victim to dissuade Cheeks from testifying was a reasonable inference from the facts surrounding Soria's conduct,[1] and I would conclude that this finding was not clearly erroneous.

I would affirm defendant's convictions, but rather than vacating defendant's sentence, I would remand for further proceedings under *Lockridge*.

/s/ Peter D. O'Connell

---

[1] I find the other possible inference—that Soria exposed himself to possible criminal liability for witness tampering solely out of concern for his friend—somewhat more difficult to believe.